UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MATTRESS BY APPOINTMENT LLC,
a Florida limited liability company,

      Plaintiff,

v.                                                           CASE NO:

JOHN WILLIAMS, an individual, and
STAR 7 VENTURE LLC, a Pennsylvania
limited liability company,

      Defendant.
_____/

**PLAINTIFF'S PETITION TO CONFIRM
ARBITRATION AWARD AND ENTER FINAL JUDGMENT**

Plaintiff, Mattress By Appointment LLC ("MBA"), by and through its undersigned counsel and pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, and the Revised Florida Arbitration Code ("RFAC"), §§ 682.01-.25, Fla. Stat., hereby files this Petition to Confirm Arbitration Award, seeking confirmation of the Award of Arbitrator dated May 15, 2025 (the "Final Award") and for entry of Final Judgment in favor of MBA and against Defendants, John Williams ("Williams") and Star 7 Venture LLC ("Star 7"). In support, MBA states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.    MBA is a limited liability company organized under the laws of the State of Florida.

2. The membership interests of MBA are owned by C. Edwin Shoffner, who is a resident of the State of South Carolina.

3. Williams is a resident of the Commonwealth of Pennsylvania.

4. Star 7 is a limited liability company organized under the laws of the Commonwealth of Pennsylvania.

5. The membership interests of Star 7 are owned by Williams.

6. This Court has jurisdiction over this matter pursuant to 9 U.S.C. § 9, § 682.181, Fla. Stat., and 28 U.S.C. § 1332(a)(1), as this is a controversy between citizens of different states and the amount in controversy exceeds $75,000.

7. Venue is proper in this Court pursuant to 9 U.S.C. § 9 and § 682.19, Fla. Stat.

## FACTS

8. Pursuant to a Mattress By Appointment Dealer Agreement dated July 29, 2021 (the "Dealer Agreement"), attached hereto as **Exhibit A**, the parties agreed to resolve through binding arbitration all claims "that arise during, in connection with, relating to, or as a result of the parties' business and contractual relationship." Ex. A, § 14.4.

9. The parties agreed that any such arbitration would be conducted through the American Arbitration Association ("AAA") in accordance with the AAA's Commercial Arbitration Rules and Mediation Procedures. *See id.*, § 14.7.

10. The parties also agreed that the arbitrator "will have exclusive authority to resolve all disputes relating to the interpretation, applicability, enforceability, or

formation of this Agreement, including without limitation, challenges to venue and/or personal jurisdiction." *Id.*, § 14.8.

11. The parties consented to personal jurisdiction in Florida and agreed to conduct any such arbitration in Duval County, Florida. *Id.*, § 16.4.

12. The parties also agreed that "in any action or proceeding arising out of or related to this Agreement, the prevailing party shall be entitled to recover from the non-prevailing party his, her, or its attorneys' fees and costs." *Id.*, § 14.3.

13. On June 14, 2024, MBA submitted an arbitration demand against Williams and Star 7 to the AAA for claims arising out of the parties' business and contractual relationship, including but not limited to claims for breach of the Dealer Agreement. The arbitration proceeding between the parties was styled *Mattress By Appointment LLC v. John Williams, et al.*, AAA Case No. 01-24-0005-9997.

14. On March 31, 2025, the arbitrator held a final hearing on MBA's claims in Duval County, Florida, during which the arbitrator considered evidence and legal argument submitted by MBA and Williams.[1]

15. In April 2025, the parties submitted post-hearing briefs and arguments regarding entitlement to attorneys' fees and costs.

16. The AAA declared the hearing closed as of April 28, 2025.

17. On May 16, 2025, the AAA transmitted the Final Award to the parties. A copy of the Final Award is attached hereto as **Exhibit B**.

---

[1] Star 7 failed to appear at the March 31, 2025 hearing.

18. The Final Award awarded MBA the following relief:

    a.     $80,000 in damages;

    b.     $232,595.50 in attorneys' fees;

    c.     $2,616.75 in costs;

    d.     $26,250.00 in AAA administrative fees and arbitrator compensation;

    e.     A two-year injunction prohibiting Williams from engaging in a business competitive to MBA within 60 miles of Waterford, Pennsylvania;

    f.     An order prohibiting Williams from using, and requiring him to return, MBA's confidential information and trade secrets, and directing Williams to provide written certification to MBA that he had done so within 20 days of entry of the Final Award; and

    g.     An order prohibiting Williams from using MBA's name, trade style, logos, styles, and designs.

19. The total monetary recovery awarded to MBA and against Williams was $341,462.25. The Final Award directed Williams to pay this sum to MBA within 30 days of the date of the award—i.e., on or before June 15, 2025.

20. On June 30, 2025, Williams stated in an email to MBA's counsel that he (1) would not provide "certification of compliance with the so-called Final Award" and (2) "do[es] not recognize the Final Award as valid or enforceable." A copy of Williams' email is attached hereto as **Exhibit C**.

21. As of the filing of this Petition, Williams has not paid any of the sums due under the Final Award, returned any of MBA's confidential or trade secret information, or otherwise provided proof of his compliance with the Final Award.

## CONFIRMATION OF AWARD

22. The FAA "imposes a heavy presumption in favor of confirming arbitration awards. . . . As a result, a court's confirmation of an arbitration award is usually routine or summary." *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1288 (11th Cir. 2002); *see also AIG Baker Sterling Heights, LLC v. American Multi-Cinema, Inc.*, 508 F.3d 995, 999 (11th Cir.2007) ("The Federal Arbitration Act presumes that arbitration awards will be confirmed, and judicial review of an arbitration award is narrowly limited.").

23. Under the FAA and the RFAC, a court must grant a timely motion to confirm an arbitration award unless the award is modified, corrected, or vacated on narrow statutory grounds. *See Frazier v. CitiFinancial Corp.*, 604 F.3d 1313, 1321 (11th Cir. 2010) ("[U]pon application of any party to the arbitration, the court must confirm the arbitrator's award unless it is vacated, modified, or corrected in accordance with sections 10 and 11 of the statute.") (citing 9 U.S.C. § 9); *Moya v. Bd. of Regents, State Univ. Sys. of Fla.*, 629 So. 2d 282, 284 (Fla. 5th DCA 1993) (A trial court "must confirm the award unless one of the parties seeks to vacate, modify or correct the award within 90 days of delivery of the arbitrator's award, or unless there is an issue presented to the trial court in the motion to confirm which was not submitted to the arbitrator.") (citing § 682.12, Fla. Stat.)

656aa08e64fe164e

24. This Petition is timely under the FAA, as it is brought within one (1) year of the delivery of the Final Award. *See* 9 U.S.C. § 9.[2]

25. No court of competent jurisdiction has previously been requested to confirm the Final Award, or vacate, modify, or correct the Final Award upon any grounds set forth in the FAA, 9 U.S.C. §§ 10 & 11, or the RFAC, §§ 682.13-.14, Fla. Stat.

26. The Final Award has not been vacated, modified, or corrected by any court of competent jurisdiction, nor do any valid grounds exist to vacate, modify, or correct the Final Award.

27. MBA is also entitled to an award of prejudgment interest running from the date due under the Final Award—i.e., June 15, 2025—through the date of this Court's judgment confirming same. *See, e.g.*, *Rollins, Inc. v. Black*, 167 F. App'x 798, 800 (11th Cir. 2006) ("In Florida, interest from the date of the arbitral award is 'required' where the award liquidated the amount owed.").

28. Accordingly, the Final Award is due to be confirmed and MBA is entitled to judgment against Defendants.

**PRAYER FOR RELIEF**

WHEREFORE, MBA respectfully requests that this Court:

(a) Grant this Petition and confirm the Final Award set forth in Exhibit B;

---

[2] *But see Protective Ins. Co. v. State Farm Gen. Ins. Co.*, Case No. 1:16CV38-MW/GRJ, 2017 WL 6016301, at *3 (N.D. Fla. Aug. 9, 2017) ("Confirmation under the Florida Arbitration Code is not subject to a one-year time period.") (citing § 682.12, Fla. Stat.).

(b)   Enter final judgment in favor of MBA and against Defendants John Williams and Star 7 Venture LLC in conformity with the Final Award as follows:

(1)   Judgment in the amount of $341,462.25 against Williams;

(2)   Post-award, prejudgment interest on the sum of $341,462.25 at Florida's legal interest rate in effect at the time of entry of the Final Award, 9.15% per annum (which equates to $85.60 per diem), from June 15, 2025, until the date of judgment, against Williams;

(3)   Post-judgment interest on the total amount calculated in (b)(1) and (2) above against Williams;

(4)   Permanent injunctive relief enjoining Williams, individually or through Star 7, from directly or indirectly engaging in, owning in whole or in part, or serving as a director, officer, employee, or consultant to any business, entity, or person who sells, markets, promotes, or offers to either wholesale or retail buyers, mattresses, box springs, bed frames, pillows, sheets or other bedroom furniture (a "Competitive Business") within 60 miles of Waterford, Pennsylvania for a period of two years from June 15, 2025.

(5)   Permanent injunctive relief enjoining Williams, directly or indirectly, individually or through Star 7, from using, and directing him to return, any and all of MBA's confidential information and/or trade secrets, including, but not limited to, all copies of the Business Manual, training or operations manuals, success kits, or training materials, to MBA, and directing

7

Williams to provide a written certification to MBA that he has fully complied with this directive.

    (6)    Permanent injunctive relief enjoining Williams, directly or indirectly, individually or through Star 7, from using MBA's name, trade style, logos, styles, and designs.

    (c)    Include in the final judgment the enforcement paragraph set forth in Rule 1.560(c), Florida Rules of Civil Procedure;[3]

    (d)    Award MBA its reasonable costs of this Petition and subsequent judicial proceedings pursuant to Section 682.15, Florida Statutes;

    (e)    Award MBA its attorneys' fees and other expenses of litigation pursuant to Section 14.3 of the Dealer Agreement and Section 682.15, Florida Statutes; and

    (f)    Grant such other and further relief as this Court deems just and proper.

---

[3] Rule 69(a)(1), Federal Rules of Civil Procedure, provides in relevant part that "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the state where the court is located." Rule 1.560(c), Florida Rules of Civil Procedure, provides that in any final judgment the prevailing party may request the Court to instruct the judgment debtor to complete under oath Florida Rule of Civil Procedure Form 1.977 (Fact Information Sheet). Several courts from this circuit have accordingly entered final judgments requiring the defendants to complete Form 1.977. *See, e.g.*, *PNC Bank, N.A. v. Starlight Properties & Holdings, LLC*, No. 6:13-CV-408-ORL, 2014 WL 2574040, at *1 (M.D. Fla. June 9, 2014); *Whitwam v. JetCard Plus, Inc.*, No. 14-CIV-22320, 2014 WL 6433226, at *2 (S.D. Fla. Nov. 13, 2014).

Respectfully submitted this 3rd day of July, 2025.

**ORR | COOK**

*/s/ Kevin B. Cook*
**Kevin B. Cook**
Florida Bar No.: 507474
**Matthew R. Goller**
Florida Bar No.: 1002985
818 A1A North, Suite 302
Ponte Vedra Beach, Florida 32082
(904) 358-8300 (telephone)
(904) 358-8303 (facsimile)
**Primary and Secondary Email Addresses:**
kcook@orrcook.com
mgoller@orrcook.com
kgreiner@orrcook.com

*Counsel for Plaintiff Mattress By Appointment LLC*