**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MATTRESS BY APPOINTMENT LLC,

        Plaintiff,

v.                                       Case No.: 3:25-cv-747-WWB-LLL

JOHN WILLIAMS and STAR 7
VENTURE LLC,

        Defendants.

_____/

## ORDER

THIS CAUSE is before the Court on Defendant John Williams's Motion to Vacate Arbitration Award (Doc. 31)[1] and Plaintiff's Response in Opposition (Doc. 33).

As an initial matter, Defendant's Motion fails to comply with the good faith conferral requirement of Local Rule 3.01(g). Defendant states that he conferred with Plaintiff on September 19, 2025, over four months before filing the Motion. (Doc. 31 at 27). The Court is hard pressed to find that a conferral so far removed from the filing of a motion constitutes a "good faith effort" as contemplated by Rule 3.01(g). *See JPMorgan Chase Bank, N.A. v. Virgin Fest, LLC*, No. 6:25-mc-31, 2025 WL 2695248, at *1 (M.D. Fla. Sept. 22, 2025). Although the Court will not deny the Motion on this basis, Defendant is cautioned that the Court expects Rule 3.01(g) conferrals to occur at or near the time any motion for relief requiring one is filed.

---

[1] Defendant's Motion fails to comply with this Court's January 13, 2021 Standing Order. In the interests of justice, the Court will consider the filing, but any further failures to comply with all applicable rules and orders of this Court, including the Standing Orders, may result in the striking or denial of filings without notice or leave to refile.

Plaintiff argues that Defendant's Motion should be denied because it is a substantive pleading that was filed after a substantive response and without leave. (*See generally* Doc. 30). Though nominally a "motion," the Eleventh Circuit has held that a motion to vacate filed to open a case before the district court is properly construed as a pleading to which Federal Rule of Civil Procedure 15 governs any amendments. *Bonar v. Dean Witter Reynolds, Inc.*, 835 F.2d 1378, 1382 (11th Cir. 1988) ("Proceedings to vacate or confirm an arbitration award are instituted by the filing of a motion in the district court . . . just as a normal civil action is commenced by filing a complaint in the district court." (citations omitted)). Therefore, district courts may, in these cases, construe a "motion, memorandum, or other paper . . . as a responsive pleading." *See id.* Nevertheless, it is also clear that courts retain discretion "to liberally construe a poorly conceived filing." *Careminders Home Care, Inc. v. Concura*, *Inc.*, 660 F. App'x 795, 797 (11th Cir. 2016) (citing *Johnson v. Directory Assistants Inc.*, 797 F.3d 1294, 1299 (11th Cir. 2015)).

Here, Defendant's Response and Motion to Vacate are substantively different. The Response asks that the Court deny Plaintiff's request for confirmation of the arbitration award, (*see* Doc. 30 at 6), while Defendant's Motion seeks vacatur as affirmative relief akin to a counterclaim, (Doc. 31 at 2). Courts have permitted parties to file counterclaims seeking affirmative relief on arbitration awards as long as they are filed alongside their answer. *See Walden v. Doctor's Assocs., Inc.*, No. 1:14-CV-02806, 2015 WL 11549071, at *1–3 (N.D. Ga. Nov. 30, 2015). Therefore, the Court will construe Defendant's Motion as a counterclaim.

However, because Defendant's counterclaim was not included in his Response, the counterclaim is improper and must be stricken. *See Active Packet, LLC v. Netgen, Inc.*, No. 2:19-cv-421-FtM, 2020 WL 9073330, at *1 n.1 (M.D. Fla. May 12, 2020) ("The filing of a counterclaim as a stand-alone pleading apart from one's answer is not permitted. . . . Instead, a defendant's answers, affirmative defenses and any counterclaims must be presented in a single, integrated pleading." (internal citation omitted)); Fed. R. Civ. P. 7(a); *see also Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1336 (11th Cir. 2014) (noting that the "limited list" of pleadings set forth in Rule 7(a) is exhaustive). The Court will permit Defendant to amend his responsive pleading to include a counterclaim as set forth in this Order.

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Motion to Vacate Arbitration Award (Doc. 31), construed as a counterclaim, is **STRICKEN**.

2. Defendant's Request for Oral Argument (Doc. 32) is **DENIED**.

3. On or before **June 24, 2026**, Defendant may file a renewed responsive pleading containing both his response to the petition and counterclaim to vacate the award.

**DONE AND ORDERED** in Jacksonville, Florida on June 11, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

4

Copies furnished to:

Counsel of Record
Unrepresented Party